■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SCULLARK, Appellant. [709 NYS2d 516] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered February 20, 1997, convicting defendant, after a jury trial, of murder in the second degree and two counts each of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and criminal use of a firearm in the first degree, and sentencing him to consecutive terms of 25 years to life on the murder conviction and 5 to 15 years on the criminal possession of a weapon in the second degree convictions, to be served concurrently with concurrent terms of 2¹/₃ to 7 years on the criminal possession of a weapon in the third degree convictions and 12¹/₂ to 25 years on the criminal use of a firearm convictions, unanimously affirmed.

Defendant's claim that the court should have delivered an accomplice corroboration charge is unpreserved and we decline to review it in the interest of justice. Were we to review such claim, we would find that although such a charge should have been provided, its absence did not deprive defendant of a fair

trial in view of the overwhelming evidence independent of the accomplice's testimony (*see, People v Polhill*, 190 AD2d 692, *lv denied* 81 NY2d 975; *People v Pelc*, 101 AD2d 995; *compare, People v Leon*, 121 AD2d 1, *lv denied* 69 NY2d 830).

After conducting a sufficient inquiry of the prosecutor and a police witness, the court properly exercised its discretion in declining to examine the officer's notes to determine whether they suggested that other notes had been prepared by the officer that were not turned over to the defense in violation of the *Rosario* rule (*see, People v Poole*, 48 NY2d 144). Defendant offered only speculation as to the possible existence of missing notes (*see, Matter of Michael R.*, 223 AD2d 465).

Defendant's possession of the weapons was complete prior to the shooting, and their subsequent use constituted a separate, successive act permitting the imposition of consecutive sentences (*see, People v Bryant*, 92 NY2d 216, 230-231; *People v Okafore*, 72 NY2d 81; *People v Simpson*, 209 AD2d 281). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ.