People v Clark (2020 NY Slip Op 07911)





People v Clark


2020 NY Slip Op 07911


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2014-04076
 (Ind. No. 44/13)

[*1]The People of the State of New York, respondent,
v
Carl L. Clark, Jr., appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Stephen L. Greller, J.), rendered March 26, 2014, convicting him of (1) assault in the second degree (four counts), (2) strangulation in the second degree, (3) grand larceny in the fourth degree, (4) petit larceny, (5) criminal mischief in the fourth degree, (6) burglary in the second degree, (7) criminal possession of stolen property in the fourth degree, (8) unauthorized use of a vehicle in the second degree, (9) unauthorized use of a vehicle in the first degree, (10) criminal possession of stolen property in the fifth degree, (11) unlawful fleeing a police officer in a motor vehicle in the second degree, (12) reckless driving, (13) resisting arrest, (14) reckless endangerment in the second degree, and (15) assault on a police officer, upon a jury verdict, and sentencing him to (1) a determinate term of imprisonment of 7 years plus 3 years of postrelease supervision on the conviction of assault in the second degree under count 2 of the indictment, (2) a determinate term of imprisonment of 7 years plus 3 years of postrelease supervision on the conviction of strangulation in the second degree under count 3 of the indictment, to run consecutively with the sentence imposed on the conviction of assault in the second degree under count 2 of the indictment, (3) an indeterminate term of imprisonment of 1&frac13; to 4 years on the conviction of grand larceny in the fourth degree under count 5 of the indictment, to run concurrently with the sentence imposed on the conviction of strangulation in the second degree under count 3 of the indictment, (4) a definite term of imprisonment of 1 year on the conviction of petit larceny under count 6 of the indictment, to run concurrently with all sentences imposed on the felony convictions, (5) a definite term of imprisonment of 1 year on the conviction of criminal mischief in the fourth degree under count 7 of the indictment, to run concurrently with all sentences imposed on the felony convictions, (6) a determinate term of imprisonment of 15 years plus 5 years of postrelease supervision on the conviction of burglary in the second degree under count 8 of the indictment, to run consecutively with (a) the sentence imposed on the conviction of assault in the second degree under count 2 of the indictment and (b) the sentence imposed on the conviction of strangulation in the second degree under count 3 of the indictment, (7) an indeterminate term of imprisonment of 1&frac13; to 4 years on the conviction of criminal possession of stolen property in the fourth degree under count 9 of the indictment, to run concurrently with the sentence imposed on the conviction of burglary in the second degree under count 8 of the indictment, (8) an indeterminate term of imprisonment of 1&frac13; to 4 years on the conviction of unauthorized use of a vehicle in the second degree under count 10 of the indictment, to run concurrently with the sentence imposed on the conviction of burglary in the second degree under count 8 of the indictment, (9) an indeterminate term of imprisonment of 2&frac13; to 7 years on the conviction of unauthorized use [*2]of a vehicle in the first degree under count 11 of the indictment, to run concurrently with the sentence imposed on the conviction of burglary in the second degree under count 8 of the indictment, (10) a definite term of imprisonment of 1 year on the conviction of criminal possession of stolen property in the fifth degree under count 12 of the indictment, to run concurrently with all sentences imposed on the felony convictions, (11) an indeterminate term of imprisonment of 1&frac13; to 4 years on the conviction of unlawful fleeing a police officer in a motor vehicle in the second degree under count 13 of the indictment, to run concurrently with (a) the sentence imposed on the conviction of assault in the second degree under count 18 of the indictment, (b) the sentence imposed on the conviction of assault in the second degree under count 19 of the indictment, (c) the sentence imposed on the conviction of assault in the second degree under count 20 of the indictment, and (d) the sentence imposed on the conviction of assault on a police officer under count 21 of the indictment, (12) a definite term of imprisonment of 1 year on the conviction of reckless driving under count 14 of the indictment, to run concurrently with all sentences imposed on the felony convictions, (13) a definite term of imprisonment of 1 year on the conviction of resisting arrest under count 15 of the indictment, to run concurrently with all sentences imposed on the felony convictions, (14) a definite term of imprisonment of 1 year on the conviction of reckless endangerment in the second degree under count 16 of the indictment, to run concurrently with all sentences imposed on the felony convictions, (15) a determinate term of imprisonment of 7 years plus 3 years of postrelease supervision on the conviction of assault in the second degree under count 18 of the indictment, to run concurrently with the sentence imposed on the conviction of assault on a police officer under count 21 of the indictment, (16) a determinate term of imprisonment of 7 years plus 3 years of postrelease supervision on the conviction of assault in the second degree under count 19 of the indictment, to run concurrently with the sentence imposed on the conviction of assault on a police officer under count 21 of the indictment, (17) a determinate term of imprisonment of 7 years plus 3 years of postrelease supervision on the conviction of assault in the second degree under count 20 of the indictment, to run concurrently with the sentence imposed on the conviction of assault on a police officer under count 21 of the indictment, and (18) a determinate term of imprisonment of 15 years plus 5 years of postrelease supervision on the conviction of assault on a police officer under count 21 of the indictment, to run consecutively with (a) the sentence imposed on the conviction of assault in the second degree under count 2 of the indictment, (b) the sentence imposed on the conviction of strangulation in the second degree under count 3 of the indictment, and (c) the sentence imposed on the conviction of burglary in the second degree under count 8 of the indictment.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by vacating the conviction of assault in the second degree under count 2 of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment, and (2) by providing that the sentence imposed on the conviction of burglary in the second degree under count 8 of the indictment shall run concurrently with the sentence imposed on the conviction of assault on a police officer under count 21 of the indictment; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, the County Court did not err in declining to order further examinations with regard to his competency. A defendant is presumed competent and fit to stand trial, and is not entitled, as a matter of right, to have the question of capacity to stand trial passed upon unless the trial court is satisfied from the available information that a proper basis exists for questioning the defendant's sanity (see People v Morgan, 87 NY2d 878; People v Nadler, 164 AD3d 1263). The court must issue an order of examination "when it is of the opinion that the defendant may be an incapacitated person" (CPL 730.30[1]) "who as a result of mental disease or defect lacks capacity to understand the proceedings about him or to assist in his own defense" (CPL 730.10[1]; see People v Phillips, 16 NY3d 510, 517). In this case, the court providently exercised its discretion in denying defense counsel's request that the defendant undergo further examination pursuant to CPL 730.30. Although the court's order of examination pursuant to CPL 730.30 could not be executed due to the defendant's own refusal to meet with psychiatric examiners, the court recognized the defendant's ability to communicate with the court, as well as his ability to understand, and participate in, the proceedings whenever he chose to do so. These factors, along with the defendant's most recent psychiatric examination, which resulted in a finding that the defendant was competent to proceed, support the court's determination, and we decline to disturb it (see People v [*3]Nadler, 164 AD3d at 1264; People v Keiser, 100 AD3d 927, 929).
The defendant also contends that the County Court erred in accepting his waiver of his right to be present at his trial proceedings. "A defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the state and federal constitutions" (People v Paige, 134 AD3d 1048, 1052; see NY Const, art I, § 6; US Const 6th Amend). "Of course the right to be present may, as a general matter, be waived under both Constitutions" (People v Parker, 57 NY2d 136, 139). "[A] waiver of the right to be present at a criminal trial may be inferred from certain conduct engaged in by the defendant" in open court (id. at 139; see People v Johnson, 37 NY2d 778, 779; People v Epps, 37 NY2d 343, 350-351). "[A] defendant who engages in disruptive behavior . . . may be held to have, in effect, waived his [or her] right to be present" at trial (People v Connor, 137 AD2d 546, 549; see Illinois v Allen, 397 US 337, 342; People v Byrnes, 33 NY2d 343, 349).
Here, the defendant repeatedly stated to the County Court that he wished to leave the courtroom, and deliberately absented himself from the proceedings (see People v Spotford, 85 NY2d 593, 598-599; People v Traylor, 74 AD3d 1251, 1252). In addition, prior to absenting himself from the courtroom, the defendant persisted in a pattern of behavior in which he continually raised disruptive arguments and lodged baseless objections despite the court's admonitions to refrain from such conduct (see People v Parker, 57 NY2d at 139). Under the circumstances, the record adequately demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to be present at his trial proceedings (see People v Paige, 134 AD3d at 1052).
We agree with the defendant, however, that the People failed to present legally sufficient evidence to sustain his conviction of assault in the second degree under count 2 of the indictment. In reviewing a legal sufficiency claim, this Court must "view[ ] the facts in a light most favorable to the People" to determine "whether, as a matter of law, a jury could logically conclude that the People sustained its burden of proof" (People v Danielson, 9 NY3d 342, 349). This "deferential standard" is satisfied so long as "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Acosta, 80 NY2d 665, 672 [internal quotation marks omitted]).
As relevant here, with respect to count 2 of the indictment, the defendant was convicted of assault in the second degree under Penal Law § 120.05(1). That subdivision provides that "[a] person is guilty of assault in the second degree when . . . [w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person" (Penal Law § 120.05[1]). The Legislature has defined the term "[s]erious physical injury" to mean "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00[10]).
Here, contrary to the People's contention, the evidence at the trial failed to demonstrate that the complainant suffered the protracted impairment of the function of a bodily organ as a result of the attack charged in count 2 of the indictment. This prong of the statute, by the plain language of the word "protracted," requires evidence that the effects of the physical injury were experienced over an "extended" period of time (People v Stewart, 18 NY3d at 832). The People fail to cite to any evidence in this case, medical or otherwise, to show that the injury to the complainant resulted in any "protracted impairment" in the functioning of any of the complainant's organs (Penal Law § 10.00[10] [emphasis added]; see People v Stewart, 18 NY3d 831, 832; People v Marshall, 162 AD3d 1110, 1113; People v Santos, 151 AD3d 1620, 1621; People v Romero, 147 AD3d 1490, 1491; cf. People v Garland, 32 NY3d 1094, 1096; People v Seymore, 106 AD3d 1033, 1033; People v Crawford, 200 AD2d 683, 684). Under these circumstances, we must vacate the conviction of assault in the second degree under count 2 of the indictment and vacate the sentence imposed on that conviction.
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court