People v Bazile (2021 NY Slip Op 06182)





People v Bazile


2021 NY Slip Op 06182


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-15122
 (Ind. No. 4634/16)

[*1]The People of the State of New York, respondent,
v
Kenny Bazile, appellant.


John R. Lewis, Sleepy Hollow, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, and Michael Bierce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered September 12, 2018, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 5 to 10 years on the conviction of manslaughter in the second degree, to run consecutively to a determinate term of imprisonment of 15 years, to be followed by 5 years of postrelease supervision, on the conviction of criminal possession of a weapon in the second degree.
ORDERED that the judgment is modified, on the law, by providing that the sentence imposed on the conviction of manslaughter in the second degree shall run concurrently with the sentence imposed on the conviction of criminal possession of a weapon in the second degree; as so modified, the judgment is affirmed.
The defendant was convicted of manslaughter in the second degree (Penal Law § 125.15[1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03[3]) arising out of the death of an innocent bystander caught in the cross-fire of a shootout between rival gangs during a street festival in Brooklyn (see People v Alleyne, 193 AD3d 1069). The defendant asserted the defense of justification with respect to the charge of manslaughter in the second degree.
The defendant's contention that the evidence was legally insufficient to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Fuentes, 185 AD3d 960, 962). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense, and to establish the defendant's guilt of manslaughter in the second degree, under an acting-in-concert theory, beyond a reasonable doubt (see Penal Law §§ 20.00, 35.15[2][a]; People v Russell, 91 NY2d 280, 288-290). The evidence supporting the defendant's conviction of criminal possession of a weapon in the second degree was also legally sufficient (see Penal Law § 265.03[3]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v [*2]Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and his conviction of manslaughter in the second degree and criminal possession of a weapon in the second degree were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, we agree with the defendant that the sentence imposed on the conviction of criminal possession of a weapon in the second degree should not run consecutively to the sentence imposed on the conviction of manslaughter in the second degree. "No evidence was adduced at trial to establish that the defendant's possession of a gun was separate and distinct from his [participation in the shootout]" which resulted in the death of the victim (People v Harris, 115 AD3d 761, 763; see People v Ross, 164 AD3d 528, 529). Thus, the terms of imprisonment imposed on the defendant's convictions of manslaughter in the second degree and criminal possession of a weapon in the second degree must be concurrent (see People v Ross, 164 AD3d at 529; People v Harris, 115 AD3d at 763). The sentence imposed on the conviction of criminal possession of a weapon in the second degree was not otherwise excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are partially unpreserved for appellate review, and, in any event, without merit.
HINDS-RADIX, J.P., DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court