People v Arline (2022 NY Slip Op 01462)





People v Arline


2022 NY Slip Op 01462


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-04800
2018-04801

[*1]The People of the State of New York, respondent,
v
Lorenzo Arline, appellant. (Ind. Nos. 1743/15, 2048/15)


Patricia Pazner, New York, NY (De Nice Powell of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Aharon Diaz of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Queens County (Kenneth C. Holder, J.), both rendered April 10, 2018, convicting him of rape in the first degree (five counts) under Indictment No. 1743/15, and rape in the first degree and rape in the second degree under Indictment No. 2048/15, upon a jury verdict, and imposing sentences upon his adjudication as a second violent felony offender.
ORDERED that the judgments are modified, on the law, by vacating the defendant's adjudication as a second violent felony offender and the sentences imposed thereon; as so modified, the judgments are affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.
The defendant was charged, in two indictments, with a total of six counts of rape in the first degree and one count of rape in the second degree for engaging in sexual intercourse by forcible compulsion with his then minor stepdaughters on various occasions between 2005 and 2008, which resulted in them bearing his children. After a jury trial, at which both complainants, among others, testified and the People, inter alia, introduced into evidence DNA and paternity testing results, establishing a probability of the defendant's paternity of "99.99 percent," the defendant was convicted of all charges.
Contrary to the defendant's contention, certain statements made by two prospective jurors, which were the subject of the defendant's for-cause challenge to those prospective jurors on the basis of a possible predisposition to credit children's testimony, did not rise to the level of actual bias or otherwise indicate that the prospective jurors in question would not be able to render an impartial verdict in this matter. "A determination of whether jurors lack the ability to be impartial turns on whether, based on the totality of the voir dire record, it is evident that a preference for one side over the other would impact their decision-making" (People v Maffei, 35 NY3d 264, 270). Where a prospective juror's statements raise a serious doubt regarding the ability to be impartial, that juror "must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial" (People v Warrington, 28 NY3d 1116, 1119-1120 [internal quotation marks omitted]; see CPL 270.20[1][b]; People v Maffei, 35 NY3d at 270). Here, since no actual bias was evinced, [*2]the Supreme Court properly denied the defendant's for-cause challenges to those prospective jurors without first obtaining an unequivocal assurance of impartiality (see People v Patterson, 34 NY3d 1112, 1113; People v Hernandez, 222 AD2d 696, 697; cf. People v Torpey, 63 NY2d 361, 367).
Contrary to the People's contention, the defendant preserved for appellate review his contention that his Confrontation Clause rights were violated by the admission of the DNA evidence that was presented through a witness who did not conduct the DNA testing (see People v Cunningham, 194 AD3d 954, 955-956; cf. People v Walters, 172 AD3d 916, 917; People v Webb, 163 AD3d 880). Nevertheless, the defendant's contentions in that regard are without merit. It is well established that, "when confronted with testimonial DNA evidence at trial, a defendant is entitled to cross-examine 'an analyst who witnessed, performed or supervised the generation of [the] defendant's DNA profile, or who used his or her independent analysis on the raw data'" (People v Tsintzelis, 35 NY3d 925, 926, quoting People v John, 27 NY3d 294, 315; see People v Dyson, 169 AD3d 917). Here, the criminalist's testimony established that he did not merely function as a conduit for the conclusions of others. The criminalist, inter alia, performed his own analysis, determining a specific DNA profile for the defendant which he compared to the DNA profiles he generated for all the children born to the two complainants, based on his "independent review of all the spreadsheets that were generated for every step in the DNA process," and issued and signed the final report containing his own conclusions and opinions. Therefore, contrary to the defendant's contention, there was no Confrontation Clause violation (see People v Lebron, 171 AD3d 1092; People v Pascall, 164 AD3d 1265, 1266; People v Gibson, 163 AD3d 586, 588).
Moreover, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in conducting a portion of the trial while he was absent. "A defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the state and federal constitutions" (People v Clark, 189 AD3d 1453, 1456 [internal quotation marks omitted]). A defendant, however, "may forfeit that right by deliberately absenting himself from the proceedings" (People v Ramos, 179 AD3d 842, 843 [internal quotation marks omitted]; see People v Sanchez, 65 NY2d 436, 443-444). "A valid waiver of the right to be present at trial will be implied if the record reflects that the defendant is aware that trial will proceed even though he or she failed to appear" (People v Ramos, 179 AD3d at 843 [internal quotation marks omitted]; see People v Baynes, 162 AD3d 897, 897). However, "before proceeding in the defendant's absence, the court has an obligation to inquire into the surrounding circumstances to determine if the defendant's absence is deliberate and to recite on the record the reasons for its finding" (People v Ramos, 179 AD3d at 843 [internal quotation marks omitted]), and "[t]he failure to conduct such an inquiry constitutes reversible error" (id.; see People v Baynes, 162 AD3d at 897). Furthermore, even where a court has determined that a defendant, by not appearing after being apprised of the right and the consequences of nonappearance, has waived the right to be present at trial, the court "'must exercise its sound discretion upon consideration of all appropriate factors, including the possibility that defendant could be located within a reasonable period of time, the difficulty of rescheduling trial and the chance that evidence will be lost or witnesses will disappear'" before proceeding (People v Baynes, 162 AD3d at 897-898, quoting People v Parker, 57 NY2d 136, 142).
Here, the Supreme Court informed the defendant of his right to be present at trial, and that, if he failed to appear, and such failure were deemed deliberate, he could be tried, convicted, and sentenced in absentia and the record reflects that the court properly "inquired into the surrounding circumstances and determined that the defendant's absence was deliberate" (People v Ramos, 179 AD3d at 843 [internal quotation marks omitted]). Notably, the record demonstrates that the defendant engaged in a persistent course of conduct intended to delay the trial throughout the proceedings. Moreover, the record shows that the court satisfied its obligation to consider "all appropriate factors" before continuing the trial in the defendant's absence (id. at 844; see People v Baynes, 162 AD3d at 897-898).
With respect to the defendant's adjudication as a second violent felony offender, as the People correctly concede, the defendant's prior conviction of burglary under Florida law does not constitute a predicate violent felony conviction (see Fla Stat Ann § 810.02; see also People v Vazquez, 173 AD3d 1073, 1074). Accordingly, we modify the judgments by vacating the [*3]defendant's adjudication as a second violent felony offender and the sentences imposed thereon, and we remit the matter to the Supreme Court, Queens County, for resentencing (see People v Vazquez, 173 AD3d at 1074; People v Durant, 121 AD3d 709, 710).
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court