People v Turner (2022 NY Slip Op 02026)





People v Turner


2022 NY Slip Op 02026


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-08860
 (Ind. No. 546/15)

[*1]The People of the State of New York, respondent,
v
Kenneth D. Turner, Jr., appellant.


Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon T. Brodt, and Josette Simmons of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered July 22, 2019, convicting him of robbery in the first degree, robbery in the second degree, and burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt based on an acting-in-concert theory (see Penal Law §§ 20.00, 160.15[4]; 160.10[1]; 140.25[1][d]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial by certain of the prosecutor's summation remarks is without merit. Most of the challenged portions of the prosecutor's summation were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to defense counsel's summation, or within the bounds of permissible rhetorical comment (see People v Ashwal, 39 NY2d 105, 110; People v Hernandez, 171 AD3d 791). To the extent that some of the challenged remarks were improper, any prejudice to the defendant was ameliorated by the Supreme Court's curative instructions to the jury (see People v Baker, 14 NY3d 266, 273-274; People v McManus, 150 AD3d 762), which the jury is presumed to have followed (see People v Guzman, 76 NY2d 1, 7).
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court