People v Burgess (2022 NY Slip Op 02814)

People v Burgess

2022 NY Slip Op 02814

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2018-12510
 (Ind. No. 428/16)

[*1]The People of the State of New York, respondent,
v
Mark Burgess, appellant.

Patricia Pazner, New York, NY (Melissa Lee of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered September 21, 2018, convicting him of manslaughter in the first degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to concurrent determinate terms of imprisonment of 10 years plus 5 years of postrelease supervision on the convictions of manslaughter in the first degree and attempted murder in the second degree, to run consecutively to a determinate term of imprisonment of 5 years plus 5 years of postrelease supervision on the conviction of criminal possession of a weapon in the second degree.
ORDERED that the judgment is modified, on the law, by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant was convicted of manslaughter in the first degree (Penal Law § 125.20), attempted murder in the second degree (id. §§ 110.00, 125.25[1]), and criminal possession of a weapon in the second degree (id. § 265.03[3]) arising out of a street shooting that occurred moments after gunfire erupted at a house party in Brooklyn in January 2016.
The defendant's contention that the People failed to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v
Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense and to establish the defendant's guilt of manslaughter in the first degree (Penal Law § 125.20) and attempted murder in the second degree (id. §§ 110.00, 125.25[1]) beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt as to those crimes were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Any error in the Supreme Court's denial of the defendant's request for a missing witness charge was harmless beyond a reasonable doubt, as there was overwhelming evidence of his [*2]guilt and no significant probability that the jury would have acquitted him had it not been for the complained of error (see People v Vasquez, 76 NY2d 722, 725; People v Crimmins, 36 NY2d 230, 241-242). Further, any such error did not deprive the defendant of his right to a fair trial (see People v Crimmins, 36 NY2d at 238).
The defendant's contention that the justification instruction given to the jury was erroneous is unpreserved for appellate review, and we decline to review this issue in the exercise of our interest of justice jurisdiction (see CPL 470.05[2]; People v Perez, 169 AD3d 720; cf. CPL 470.15[6]). The defendant's contention that he received ineffective assistance of counsel due to counsel's elicitation of identification testimony from a prosecution witness during cross-examination is without merit, as the elicitation of the subject testimony was consistent with the defense strategy in pursuing a justification defense (see People v Baldi, 54 NY2d 137, 147).
However, the sentence imposed on the conviction of criminal possession of a weapon in the second degree should not run consecutively to the concurrent sentences imposed on the convictions of manslaughter in the first degree and attempted murder in the second degree. The evidence adduced at trial failed to establish that the defendant's "possession of a gun was separate and distinct from his shooting [at the two victims, resulting in the death of one of them]" (People v King, 172 AD3d 1098, 1099; see People v Bazile, 199 AD3d 823; People v Ross, 164 AD3d 528, 529). Accordingly, the sentence imposed on the conviction of criminal possession of a weapon in the second degree should run concurrently with the sentences imposed on the convictions of manslaughter in the first degree and attempted murder in the second degree (see People v Bazile, 199 AD3d 823; People v King, 172 AD3d at 1099; People v Ross, 164 AD3d at 529). The sentence imposed, as modified, was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court