People v Pierotti (2022 NY Slip Op 05221)

People v Pierotti

2022 NY Slip Op 05221

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2021-02320
 (Ind. No. 1731/99)

[*1]The People of the State of New York, respondent,
v
John Pierotti, appellant.

Mark Diamond, New York, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Sarah S. Rabinowitz of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered February 24, 2021, convicting him of murder in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to stipulations in lieu of motions (Daniel J. Cotter, J.), of the suppression of his statement to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in permitting the jury to render the verdict in his absence. "'A defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions'" (People v Baynes, 162 AD3d 897, 897, quoting People v Parker, 57 NY2d 136, 139; see People v Clark, 189 AD3d 1453, 1456). "A defendant, however, 'may forfeit that right by deliberately absenting himself [or herself] from the proceedings'" (People v Arline, 203 AD3d 843, 845, quoting People v Ramos, 179 AD3d 842, 843; see People v Sanchez, 65 NY2d 436, 443-44). "A valid waiver of the right to be present at trial will be implied if the record reflects that the defendant is aware that trial will proceed even though he or she fail[ed] to appear" (People v Arline, 203 AD3d at 843 [internal quotation marks omitted]; see People v Baynes, 162 AD3d at 897). However, "before proceeding in the defendant's absence, the court has an obligation to inquire into the surrounding circumstances to determine if the defendant's absence is deliberate and to recite on the record the reasons for its finding" and "[t]he failure to conduct such an inquiry constitutes reversible error" (People v Ramos, 179 AD3d at 843 [internal quotation marks omitted]; see People v Arline, 203 AD3d at 843; People v Baynes, 162 AD3d at 897).
Here, while the jury was deliberating, the defendant advised the Supreme Court that he was sick and requested to leave. The court confirmed that the defendant was aware that he had a right to be present at every stage of the proceedings and that he was waiving that right. The court noted that, if the jury did not finish deliberating that day, it would continue the following day, and again confirmed that it would be the defendant's choice whether to come to court the following day. When the defendant did not appear in court the next day, the court noted that "we did attempt to have [*2]the defendant produced today, but he refused sick." Under the circumstances, the record adequately demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to be present at the rendering of the verdict, and that the court inquired into the surrounding circumstances and determined that his absence was deliberate (see People v Arline, 203 AD3d at 845; People v Clark, 189 AD3d at 1456-1457).
The defendant also argues that he was effectively absent from the suppression hearing because he could not hear the proceedings. He further contends that when his petition for a writ of habeas corpus was granted by the United States District Court for the Eastern District of New York (see Pierotti v Harris, 350 F Supp 3d 187 [ED NY]), he was entitled to a new suppression hearing in addition to a new trial. The People are correct that the defendant's argument is unpreserved for appellate review because the defendant failed to ask the Supreme Court to reopen the suppression hearing based on the defendant's hearing impairment and the District Court's directive (see CPL 470.05[2]; People v Hossain, 298 AD2d 599, 600). In any event, the defendant's contentions are without merit. The District Court did not hold that the defendant was entitled to reopen the suppression hearing. The defendant's claim that he could not hear during the suppression hearing is belied by the record, which demonstrates that the defendant testified at the hearing without issue and accused one of the witnesses for the prosecution of lying during that witness's testimony (see Pierotti v Harris, 350 F Supp 3d at 193, 199). Moreover, the suppression hearing took place in a small courtroom, and the Supreme Court instructed the prosecutor to "keep your voice up" and instructed the defendant to advise the court if he had any problems hearing the proceedings (see United States. v Crandall, 748 F3d 476, 484 [2d Cir]).
The Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial based upon allegations of juror misconduct. During the trial, two alternate jurors and one juror advised the court that they had inadvertently seen limited news coverage of the defendant's case. Following a thorough inquiry by the court, each juror unequivocally assured the court that he or she could decide the case fairly and impartially and that the minimal, inadvertent news coverage they had seen would not impact their ability to follow the court's instructions. Moreover, the People consented to the excusal of one of the alternate jurors. The circumstances did not warrant a finding that the jurors who were exposed to the news coverage were grossly unqualified to serve so as to warrant the drastic remedy of a mistrial, and the court providently exercised its discretion in denying the defendant's motion (see CPL 270.35[1]; People v Rodriguez, 100 NY2d 30, 34-35; People v Jimenez, 101 AD3d 513, 514; People v Matt, 78 AD3d 1616, 1617).
Contrary to the defendant's contention, the Supreme Court correctly determined that the People did not commit a Rosario violation (see People v Rosario, 9 NY2d 286). CPL 245.20(1) provides that the prosecution shall disclose to the defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control." "To establish a Rosario violation, it is incumbent upon a defendant to show that the claimed Rosario material was available and was not turned over to the defense" (People v Gillis, 220 AD2d 802, 805).
Here, the defendant argued at trial that a police sergeant who was present at the crime scene likely made notes that were never turned over to the defense in violation of the Rosario rule (see People v Rosario, 9 NY2d 286). However, the defendant offered only speculation as to the possible existence of missing notes (see People v Scullark, 272 AD2d 268, 269; People v Gillis, 220 AD2d at 805-806).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense and to establish the defendant's guilt of two counts of murder in the first degree (Penal Law § 125.27), criminal possession of a weapon in the second degree (id. § 265.03), and criminal possession of a weapon in the third degree (id. former § 265.02[4]), beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 2 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor [*3](see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt as to those crimes were not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Burgess, 204 AD3d 1036).
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court