People v George (2023 NY Slip Op 04136)

People v George

2023 NY Slip Op 04136

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-04438
 (Ind. No. 4208/14)

[*1]The People of the State of New York, respondent,
v
Keston George, appellant.

Law Offices of Mitchell C. Elman, P.C., Garden City, NY (Brendan White of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Sawyer White of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered September 8, 2016, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in permitting the trial to proceed in his absence. "A defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions" (People v Parker, 57 NY2d 136, 139; see People v Samuel, 208 AD3d 1261, 1262). However, a defendant may "forfeit that right by deliberately absenting himself [or herself] from the proceedings" (People v Pierotti, 208 AD3d 1254, 1254 [internal quotation marks omitted]; see People v Sanchez, 65 NY2d 436, 443-444). "When a defendant is absent from the courtroom after [a] trial has begun, the court should inquire and recite on the record the facts and reasons it relied upon in determining that the defendant's absence was deliberate before proceeding in the defendant's absence" (People v Williams, 147 AD3d 983, 984; see People v Brooks, 75 NY2d 898, 899). Here, the record supports the court's determination, made after an inquiry, that the defendant's absence at the time his trial reconvened was deliberate and that his conduct "unambiguously indicate[d] a defiance of the processes of law" sufficient to effect a forfeiture of his right to be present (People v Sanchez, 65 NY2d at 444; see People v Williams, 147 AD3d at 984).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., BRATHWAITE NELSON, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court