People v Dennard (2023 NY Slip Op 05086)

People v Dennard

2023 NY Slip Op 05086

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

729 KA 22-00177

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAQUAN DENNARD, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (JOHN R. LEWIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered January 7, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Contrary to defendant's contention, County Court properly determined that the People did not commit a Rosario violation.
Pursuant to former CPL 240.45 (1) (a), the People were required to disclose to defendant "[a]ny written or recorded statement . . . made by a person whom the prosecution intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony." "To establish a Rosario violation, it is incumbent upon a defendant to show that the claimed Rosario material was available and was not turned over to the defense" (People v Gillis , 220 AD2d 802, 805 [3d Dept 1995], lv denied 87 NY2d 921 [1996]).
Here, during trial, a prosecution witness testified that she had overheard an inculpatory utterance about defendant made by a third party. Upon further questioning, the witness testified that she had told detectives about the utterance during a second meeting with them and that the detectives had taken notes on a notepad. Defendant contends that the People committed a Rosario violation inasmuch as the detectives' notes concerning the witness's statement about the utterance were not disclosed to defendant. The court conducted an evidentiary hearing at which one of the detectives denied that any notes were taken during the second meeting and testified that all interview notes of the witness were turned over to defense counsel. Contrary to defendant's contention, the court did not err in crediting the testimony that no notes existed for the second meeting. We conclude that the court properly determined that the People did not commit a Rosario violation inasmuch as defendant offered only speculation at the evidentiary hearing as to the possible existence of missing notes (see People v Scullark , 272 AD2d 268, 269 [1st Dept 2000], lv denied 95 NY2d 938 [2000]; Gillis , 220 AD2d at 805-806).
We reject defendant's further contention that the sentence is unduly harsh and severe.
We have considered defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court