People v Johnson (2024 NY Slip Op 03830)

People v Johnson

2024 NY Slip Op 03830

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2019-11175
 (Ind. No. 7038/17)

[*1]The People of the State of New York, respondent,
v
Theodore Johnson, appellant.

Patricia Pazner, New York, NY (Marissa Reap and Chelsey Amelkin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Terrence P. Heller of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered July 1, 2019, convicting him of burglary in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in proceeding with the trial in the defendant's absence. "A defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions" (People v Parker, 57 NY2d 136, 139; see People v George, 219 AD3d 502, 502). "However, a defendant may 'forfeit that right by deliberately absenting himself [or herself] from the proceedings'" (People v George, 219 AD3d at 502, quoting People v Pierotti, 208 AD3d 1254, 1254 [internal quotation marks omitted]; see People v Sanchez, 65 NY2d 436, 443-444). "[B]efore proceeding in the defendant's absence, the court has an obligation to inquire into the surrounding circumstances to determine if the defendant's absence is deliberate and to recite on the record the reasons for its finding" (People v Ramos, 179 AD3d 842, 843 [internal quotation marks omitted]; see People v George, 219 AD3d at 502).
Here, the record supports the Supreme Court's determination, made after a hearing, that the defendant's absence was deliberate and that his conduct "unambiguously [indicated] a defiance of the process of law" sufficient to effect a forfeiture of his right to be present (People v Sanchez, 65 NY2d at 444; see People v George, 219 AD3d at 502). The record reflects that on November 26, 2018, after the court informed the parties that it would proceed with jury selection, the defendant absconded during a brief recess, that the defendant did not appear throughout the duration of a hearing pursuant to People v Parker (57 NY2d 136), which concluded on November 29, 2018, and that efforts to locate the defendant were fruitless. Moreover, the record shows that the court satisfied its obligation to consider "all appropriate factors" before proceeding with the trial in absentia (People v Parker, 57 NY2d at 142; see People v Baynes, 162 AD3d 897, 898). Thus, the court providently exercised its discretion in determining that the defendant forfeited his right to be [*2]present and in proceeding with the trial in his absence.
The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is largely unpreserved for appellate review, as, with respect to the majority of the remarks at issue, defense counsel either failed to object, raised only generalized objections, or failed to request additional relief when the Supreme Court sustained his objections (see CPL 470.05[2]; People v Flowers, 213 AD3d 692, 693; People v Munnerlyn, 193 AD3d 981, 982). In any event, the remarks at issue either were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to arguments made by defense counsel in summation, or otherwise do not warrant reversal (see People v Broderick, 199 AD3d 696, 697; People v Burns, 183 AD3d 835, 836). Contrary to the defendant's contention, the curative instructions provided by the court were sufficient to mitigate any potential prejudice caused by the prosecutor's statement during summation that the defendant and another individual arrested with the defendant "do burglaries together" (see People v Heide, 84 NY2d 943, 944; People v Pooler, 226 AD3d 705).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court