People v Sloane (2025 NY Slip Op 02936)

People v Sloane

2025 NY Slip Op 02936

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-01942
 (Ind. No. 70016/21)

[*1]The People of the State of New York, respondent,
v
Derek Sloane, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Robert V. Tendy, District Attorney, Carmel, NY (Nicole A. Camillone, Luciana Savone, and Jason Marquard of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (Joseph J. Spofford, Jr., J.), rendered February 15, 2022, convicting him of grand larceny in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of crimes pertaining to the theft of a vehicle. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the third degree and criminal possession of stolen property in the third degree beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Contrary to the defendant's contentions, the evidence established that the defendant had the intent to deprive another of property or to appropriate it to himself (see Penal Law §§ 155.00[3], [4]; 155.05[1]; 155.35[1]; People v Graham, 215 AD3d 998, 1004), and further that the defendant knowingly possessed stolen property with intent to benefit himself or to impede the recovery of that property by its owner (see Penal Law § 165.50). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's challenge to certain comments made by the prosecutor during summation is only partially preserved for appellate review (see People v White, 195 AD3d 1049, 1049). In any event, the majority of the summation comments made by the prosecution, which the defendant now challenges, constituted fair comment on the evidence (see People v Smith, 187 AD3d 1652, 1655; People v Herb, 110 AD3d 829, 831), were responsive to arguments and theories presented in defense counsel's summation (see People v Mairena, 160 AD3d 986, 988, affd 34 NY3d 473; People v Malave, 7 AD3d 542), or were permissible rhetorical comment (see People v Herb, 110 AD3d at 831; People v Thomas, 186 AD2d 602, 602-603). To the extent that some of the [*2]prosecutor's summation comments were improper, they were not so pervasive or egregious as to have deprived the defendant of a fair trial (see People v Bensabeur, 225 AD3d 891; People v Nanand, 137 AD3d 945, 947-948; People v Roscher, 114 AD3d 812, 813), and any prejudice to the defendant was ameliorated by the County Court's curative instructions to the jury, which the jury is presumed to have followed (see People v Turner, 203 AD3d 1083, 1083-1084). Moreover, the evidence of the defendant's guilt was overwhelming, and there is no significant probability that any improper comments made by the prosecutor during summation contributed to the defendant's convictions (see People v Finley, 235 AD3d 655; People v Herb, 110 AD3d at 831).
Contrary to the defendant's contention, the County Court providently exercised its discretion in permitting the People to present evidence of a vehicular key found on the defendant's person following his arrest during their case-in-chief, since the probative value of that evidence outweighed the risk of prejudice to the defendant (see People v Molineux, 168 NY 264, 291; People v Mack, 196 AD3d 603, 605; People v Bailey, 21 AD3d 383, 384). In any event, any error in the admission of this evidence was harmless beyond a reasonable doubt, as there was overwhelming evidence of the defendant's guilt of the crimes of which he was convicted, and no significant probability that the error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Beer, 146 AD3d 895, 896-897).
The defendant's challenge to the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) is also without merit. The evidence of the defendant's 2018 crime was relevant to the issue of his credibility (see id. at 377; People v Diaz, 50 AD3d 919), and the court's admission of only one of the defendant's prior crimes properly "balanced the probative value of the proffered evidence against the prejudice to the defendant" (People v Wynn, 208 AD3d 693, 694; see People v Hayes, 97 NY2d 203, 208).
The County Court also did not err in declining to order an examination with regard to the defendant's competency. Although "[a] defendant is presumed competent" (People v Morgan, 87 NY2d 878, 880), "[a]t any time after a defendant is arraigned upon an accusatory instrument other than a felony complaint and before the imposition of sentence, . . . the court wherein the criminal action is pending must issue an order of examination when it is of the opinion that the defendant may be an incapacitated person" (CPL 730.30[1]; see People v Tortorici, 92 NY2d 757, 765; People v Clark, 189 AD3d 1453, 1456). "'Incapacitated person' means a defendant who as a result of mental disease or defect lacks capacity to understand the proceedings about him [or her] or to assist in his [or her] own defense" (CPL 730.10[1]; see People v Phillips, 16 NY3d 510, 516). "The determination of whether to order a competency hearing lies within the sound discretion of the trial court" (People v Tortorici, 92 NY2d at 766; see People v Morgan, 87 NY2d at 879; People v Nadler, 164 AD3d 1263, 1264).
Here, the County Court providently exercised its discretion in denying defense counsel's request that the defendant undergo an examination pursuant to CPL 730.30. The court recognized the defendant's ability to communicate with the court, as well as his ability to understand, and participate in, the proceedings whenever he chose to do so, and we decline to disturb its determination that the defendant was competent to proceed (see People v Clark, 189 AD3d at 1455-1456; People v Nadler, 164 AD3d at 1264).
The defendant's remaining contentions are without merit.
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court