People v Rodriguez (2025 NY Slip Op 05825)

People v Rodriguez

2025 NY Slip Op 05825

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
ELENA GOLDBERG VELAZQUEZ, JJ.

2019-03261
 (Ind. No. 6293/17)

[*1]The People of the State of New York, respondent,
v
Andre Rodriguez, appellant.

Patricia Pazner, New York, NY (Brian Perbix and David P. Greenberg of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Jason Eldridge of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered February 21, 2019, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the People failed to prove beyond a reasonable doubt his intent to kill the victim. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
The defendant's contention that he was deprived of his right to due process and a fair trial by the improper admission into evidence of an excerpted recording of a telephone call that he made during his detention at Rikers Island Correctional Facility is partially unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. Any ambiguity as to the defendant's intended meaning of his statements affected only the weight to be accorded to the evidence, not its admissibility (see People v Sales, 189 AD3d 1617, 1618; People v Moore, 118 AD3d 916, 918; People v Case, 113 AD3d 872, 873).
The defendant's contention, raised in his pro se supplemental brief, that his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution were violated by the admission of the testimony of a criminalist employed by the Office of the Chief Medical Examiner of the City of New York (see People v John, 27 NY3d 294) is unpreserved for appellate review (see CPL 470.05[2]; People v Sirleaf, 231 AD3d 969, 971). In any event, the defendant's contention is without merit. The criminalist's testimony established that she performed [*2]the generation of the DNA profiles at issue, performed her own analysis, and did not merely function as a conduit for the conclusions of others (see People v John, 27 NY3d at 315; People v Arline, 203 AD3d 843, 844; People v Cunningham, 194 AD3d 954, 956).
The defendant's contention that the prosecutor's summation remarks deprived him of a fair trial is partially unpreserved for appellate review (see CPL 470.05[2]). In any event, the challenged remarks were either fair comment on the evidence or responsive to defense counsel's summation (see People v Halm, 81 NY2d 819, 821; People v Ashwal, 39 NY2d 105, 109-110). To the extent that some of the prosecutor's summation comments were improper, they were not so pervasive or egregious as to deprive the defendant of a fair trial (see People v Miller, 229 AD3d 724, 726; People v Bensabeur, 225 AD3d 891, 892).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions either are without merit or do not warrant reversal.
BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court