## (October 29, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD R. GREENWALD, Appellant. — Judgment unanimously affirmed. Memorandum: Upon his conviction of multiple crimes of sodomy in the first degree and rape in the first degree, defendant raises several issues on this appeal, only one of which warrants comment. Upon his arrest and pursuant to normal booking procedures at the police station, various items on defendant's person including his wallet, were seized and placed in a sealed property envelope. At some later time, the wallet was removed from the envelope by police personnel and its contents examined for evidence, revealing a piece of paper with the name, address, and telephone number of one of defendant's victims. The court denied defendant's motion to suppress this evidence and he now argues that the removal of the wallet from the property envelope and its subsequent examination was, in the absence of a search warrant, a violation of his Fourth Amendment rights. We disagree. Not every intrusion upon a person's privacy constitutes an impermissible encroachment on this privacy. The test is one of reasonableness under the totality of circumstances since it is only "unreasonable" searches and seizures which are prohibited by the Fourth Amendment. Implicit in the test of reasonableness is a consideration of the individual's reasonable expectation of privacy (see *People v Perel,* 34 NY2d 462, 466). "Once a person or his effects have been reduced to custodial control in the law enforcement system his privacy has been intruded upon" (*People v Perel, supra,* p 465). The subsequent search of effects found on the person is then but a lesser-related intrusion incident to the arrest already effected. Had defendant left his wallet at home, a warrant would have been required to seize and search it. When these items were at the station house on his person after a lawful arrest, they were subject to scrutiny and seizure whether during the administrative process of booking or after being placed in a property envelope. The holding in *People v Roman* (53 NY2d 39) does not compel a different result. There the search which was found flawed was not incident to the lawful arrest, but was incident to an inventory search of an impounded motor vehicle after defendant had been taken into custody. Defendant's reliance upon *United States v Chadwick* (433 US 1) is misplaced. There the subject of the impermissible warrantless search (a footlocker) was not found upon the immediate person of defendant. It is now beyond doubt that under the Fourth Amendment an arresting officer may, without a warrant, search a person validly arrested. The fact of a lawful arrest, standing alone, authorizes the search (*Michigan v DeFillippo,* 443 US 31; *Gustafson v Florida,* 414 US 260; *United States v Robinson,* 414 US 218). That there may be some time interval between the arrest and the subsequent taking of property for use as evidence does not change this principle, nor does the fact that "the clothing or effects are immediately seized upon arrival at the jail, held under the defendant's name in the 'property room' of the jail, and at a later time searched and taken for use at the subsequent criminal trial" (*United States v Edwards,* 415 US 800, 807). This rule was not modified in *United States v Chadwick* which reaffirmed the distinction between "searches of the person" and "searches of possessions within an arrestee's immediate control" (*United States v Chadwick, supra,* p 16, n 10, citing *United States v Edwards, supra*). We have considered the other arguments raised by defendant on this appeal and find them lacking in merit. (Appeal from judgment of Wayne County Court, Stiles, J. — rape, first degree,

and sodomy, first degree.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.