■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELDRICK COLE, Appellant. [54 NYS3d 584]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J., on pretrial motions and plea; Patricia M. Nuñez, J., at sentencing), rendered May 1, 2014, convicting defendant of

criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to a term of 1¹/₂ to 3 years, and order, same court (Maxwell Wiley, J.), entered March 24, 2016, which denied defendant's CPL 440.10 motion to vacate judgment, unanimously affirmed.

We conclude that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). We agree with defendant that his first attorney should have made a timely motion to suppress the stolen credit cards recovered from defendant's wallet, based on the facts known to the attorney at the time he made his omnibus motion. However, the record, as expanded by way of the CPL 440.10 motion, does not establish any reasonable likelihood that defendant ultimately would have prevailed on the suppression theory he claims should have been advanced by counsel (see e.g. People v Evans, 16 NY3d 571, 576 [2011]). An attorney cannot be deemed ineffective for failing to "make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004]).

While defendant asserts that the cards were removed from the wallet as the result of the search of a closed container without the requisite exigent circumstances (see People v Jimenez, 22 NY3d 717 [2014]), the facts set forth in support of defendant's own motion to vacate the judgment actually describe what appears to have been a lawful stationhouse inspection of an arrestee's personal effects (see People v Perel, 34 NY2d 462, 465-468 [1974]; see also Illinois v Lafayette, 462 US 640 [1983]). Although such a search may be described as an "inventory" search, it is sometimes also described as "incident" to an arrest (see e.g. People v Greenwald, 90 AD2d 668, 668 [4th Dept 1982] ["The subsequent search of effects found on the person is then but a lesser-related intrusion incident to the arrest already effected"]). Thus, we do not find that the People waived this issue by way of any imprecise language in their affirmation in opposition to the CPL article 440 motion describing the circumstances of, and justification for, the examination of the contents of defendant's wallet. In any event, had defendant's original trial counsel made a suppression motion, the People would have been free to argue any theory supported by the evidence, and the record before us provides no reason to believe that the motion would have succeeded. Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.