People v Lawrence (2020 NY Slip Op 01364)





People v Lawrence


2020 NY Slip Op 01364


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-08036
 (Ind. No. 2040/15)

[*1]The People of the State of New York, respondent,
v
Damien Lawrence, appellant.


Paul Skip Laisure, New York, NY (Dina Zloczower and White & Case LLP [John H. Chung and Seok Ho (Richard) Kang], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Eugene J. Dirks of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered June 29, 2017, convicting him of criminal possession of a forged instrument in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
On May 25, 2015, at approximately 2:00 a.m., the defendant, after having been involved in a motor vehicle accident, was arrested for driving while under the influence of alcohol. Upon being transported to a police station, the defendant refused to take a breathalyzer test, and he was then transported to the hospital for treatment of a lip laceration. Following the medical treatment, he was transported to a different police station for completion of the arrest processing. At the front desk of the station, a police officer removed everything from the defendant's pockets and then searched his wallet, discovering two credit cards in the defendant's name. The credit cards were later revealed to be forgeries.
The defendant was charged, inter alia, with two counts of criminal possession of a forged instrument in the second degree. In an omnibus motion, the defendant moved, inter alia, to suppress the seized credit cards. Following a suppression hearing, at which the defendant argued that the search of his wallet violated the Federal and State Constitutions because it was neither a lawful search incident to an arrest, a lawful inventory search, nor a lawful search on consent, the Supreme Court denied that branch of the omnibus motion which was to suppress the credit cards, finding that the search of the wallet and seizure of the credit cards was permissible.
Prior to jury selection, the defendant moved to reopen the suppression hearing. The defendant asserted that a detective's report supplied to his attorney after the hearing indicating that the detective knew, while the defendant was being treated in the hospital, that he would be charged with criminal possession of a forged instrument, was inconsistent with the arresting officer's hearing testimony that the credit cards were not discovered until the defendant was transported to the second [*2]police station to complete the arrest processing. The Supreme Court denied the defendant's motion to reopen the suppression hearing.
We reject the defendant's contention that the credit cards removed from his wallet were the result of either the search of a closed container without the requisite exigent circumstances or an improperly executed inventory search. Rather, the facts describe a lawful stationhouse inspection of an arrestee's personal effects (see People v Perel, 34 NY2d 462; People v Cole, 151 AD3d 662, 663; People v Tejada, 253 AD2d 832, affd 93 NY2d 963; People v Greenwald, 90 AD2d 668). Therefore, we agree with the Supreme Court's determination denying that branch of the defendant's omnibus motion which was to suppress the seized credit cards.
We also agree with the Supreme Court's determination denying the defendant's motion to reopen the suppression hearing (see CPL 710.40[4]; People v Giler, 148 AD3d 1053, 1054). Contrary to the defendant's contention, it does not matter whether his wallet was opened and the forged credit cards were discovered at the police station or at the hospital. The content of the detective's report does not contain the requisite "additional pertinent facts" to support a reopening of the suppression hearing (CPL 710.40[4]; see People v Clark, 88 NY2d 552, 554-555). Since the defendant was under arrest at the police station and at the hospital, the police were cloaked with the authority to search and inventory his immediate personal effects (see People v McCoy, 271 AD2d 620).
The defendant's remaining contention is without merit.
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court