People v Redmon (2020 NY Slip Op 03424)





People v Redmon


2020 NY Slip Op 03424


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2013-10585
 (Ind. No. 1468/07)

[*1]The People of the State of New York, respondent,
v
Sharef Redmon, appellant.


Paul Skip Laisure, New York, NY (Denise A. Corsí of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Danny K. Chun, J.), entered October 8, 2013, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered March 28, 2008, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction on the basis that the prosecutor committed Brady violations (see Brady v Maryland, 373 US 83), and that his counsel was ineffective for failing to request that the trial court review, in camera, certain DD-5 reports to determine whether they contained Brady material.
Contrary to the Supreme Court's conclusion, these contentions were not subject to a mandatory procedural bar. CPL 440.10(2) requires denial of a motion to vacate a judgment, inter alia, when the ground raised on the motion was previously determined on the merits upon a direct appeal or where sufficient facts appeared on the record to have permitted review of the issue on direct appeal but no such review occurred due to the defendant's unjustifiable failure to raise the issue on appeal (see CPL 440.10[2][a], [c]). Although, on direct appeal, this Court addressed a contention raised by the defendant regarding a potential violation of People v Rosario (9 NY2d 286; see People v Redmon, 81 AD3d 752, 753), the defendant's current contentions involve an alleged Brady violation. Moreover, the defendant's current contentions are based on matters dehors the record on direct appeal and, thus, were not, and could not have been, reviewed on direct appeal.
Nevertheless, the defendant's contentions were properly rejected without a hearing. Counsel was not ineffective for failing to request an in camera review of the DD-5 reports, as mere belated disclosure of certain Brady material and the number of DD-5 reports not disclosed, without more, provided an insufficient factual basis for arguing that the prosecutor had improperly denied the existence of Brady material in the reports (see People v Rodriguez, 181 AD2d 841, 842; see also People v Contreras, 12 NY3d 268, 272; cf. People v Poole, 48 NY2d 144, 149; People v Consolazio, 40 NY2d 446, 453). Similarly, the defendant failed to demonstrate that his judgment [*2]of conviction should be vacated based on an alleged Brady violation in failing to disclose the DD-5 reports, or that he was entitled to a hearing on that issue (see People v Jones, 115 AD3d 984, 986).
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court