People v Bowen (2021 NY Slip Op 04236)





People v Bowen


2021 NY Slip Op 04236


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-14675
 (Ind. No. 1567/17)

[*1]The People of the State of New York, respondent,
v
Christopher Bowen, appellant.


Janet E. Sabel, New York, NY (David Crow and Selendy & Gay PLLC [Margaret Larkin, Sean Baldwin, Greg Wolfe, and David Coon], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered November 19, 2018, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent with CPL 160.50.
The defendant was charged in an indictment, inter alia, with assault in the second degree under Penal Law § 120.05(12) in connection with a February 2017 incident during which he walked up behind the then 73-year-old complainant on a public street and grabbed him around his neck. The complainant wrestled with the defendant, and the two fell backward to the ground. The complainant and an eyewitness chased after the defendant, the eyewitness flagged down a passing police car, and the defendant was apprehended. The complainant refused medical assistance and, after the incident, continued on his way to a fast-food restaurant. The jury convicted the defendant of assault in the second degree.
The defendant contends that the evidence of "physical injury," an element of the crime of assault in the second degree (Penal Law § 120.05[12]), was legally insufficient. "A verdict is legally sufficient when, viewing the facts in a light most favorable to the People, 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt'" (People v Danielson, 9 NY3d 342, 349, quoting People v Acosta, 80 NY2d 665, 672 [internal quotation marks omitted]).
Here, the evidence, when viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), was legally insufficient to establish, beyond a reasonable doubt, that the complainant sustained a physical injury within the meaning of Penal Law § 10.00(9). Physical injury is defined as "impairment of physical condition or substantial pain" (id. § 10.00[9]). At the time of the incident, the complainant did not seek medical attention and proceeded on his way. He testified at trial that he continued to have pain in his back and neck for approximately three [*2]weeks, had pain when he lifted "something" when working in construction, without specifying what "something" was, and was unable to use a pillow to sleep. However, he never sought medical treatment after the incident, claiming that he did not need it, and he used only a topical pain relief cream to relieve pain. Under these circumstances, there was insufficient evidence from which a jury could rationally infer that the complainant suffered substantial pain or impairment of his physical condition (see Matter of Philip A., 49 NY2d 198, 200; People v Smith, 187 AD3d 944, 947; People v Stokes, 140 AD3d 800; People v Boney, 119 AD3d 701, 702; People v Taylor, 83 AD3d 1105, 1106).
Accordingly, the judgment of conviction must be reversed and the indictment dismissed.
In light of the foregoing, we need not reach the defendant's remaining contentions.
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court