People v Anderson (2021 NY Slip Op 04757)





People v Anderson


2021 NY Slip Op 04757


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-06723
 (Ind. No. 6136/14)

[*1]The People of the State of New York, respondent,
v
Tristan N. Anderson, appellant.


Patricia Pazner, New York, NY (De Nice Powell of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, Cindy L. Horowitz, and Abed Z. Bhuyan of counsel), for respondents.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew Sciarrino, J.), rendered May 1, 2017, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court did not err in permitting the admission into evidence of the defendant's prior arrest for strangulation of the victim, as the evidence provided the necessary background as to the relationship between the defendant and the victim and completed the narrative of the investigation (see People v Smith, 186 AD3d 1269, 1270; People v Graham, 159 AD3d 1022, 1023). Furthermore, the probative value of the evidence outweighed the risk of prejudice to the defendant, and the court's limiting instructions to the jury served to alleviate any prejudice from the admission of that evidence (see People v Nieves, 186 AD3d 1260, 1261; People v Gross, 172 AD3d 741, 742).
The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during the People's opening statement and summation is unpreserved for appellate review since the defendant failed to object to the remarks at issue (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Beer, 146 AD3d 895, 897). In any event, most of the challenged remarks were proper because they were within the broad bounds of rhetorical comment permissible in closing arguments, constituted a fair response to arguments made by defense counsel in summation, or constituted fair comment on the evidence (see People v Quezada, 116 AD3d 796, 798). Additionally, the challenged portion of the opening statement was not improper since it was consistent with the evidence the People proceeded to present (see People v Wallace, 123 AD3d 1151, 1152). To the extent that certain remarks were improper, they did not deprive the defendant of a fair trial, and defense counsel's failure to object to those remarks did not constitute ineffective assistance of counsel (see People v Hawley, 112 AD3d 968, 969).
Contrary to the defendant's contention in his pro se supplemental brief, the Supreme Court properly denied his motion to reopen the suppression hearing (see CPL 710.40[4]; People v [*2]Lawrence, 180 AD3d 1070, 1071-1072). Moreover, to the extent the defendant argues that the notes within the memo books at issue were favorable to him, his contention is based on matters dehors the record and cannot be reached on direct appeal (see People v Petion, 186 AD3d 1410, 1411; People v Redmon, 184 AD3d 775, 776).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court