People v Morales (2022 NY Slip Op 00318)





People v Morales


2022 NY Slip Op 00318


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2016-07129
 (Ind. No. 8940/14)

[*1]The People of the State of New York, respondent,
v
Christian Morales, appellant.


Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered June 23, 2016, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to prove the intent element of manslaughter in the first degree (Penal Law § 125.20[1]; see Penal Law § 10.00[10]) and to disprove his justification defense (Penal Law § 35.15) is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (see CPL 470.05[2]; People v Carncross, 14 NY3d 319, 324-325; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the first degree beyond a reasonable doubt (see People v Fuentes, 185 AD3d 960, 962; People v Barnett, 163 AD3d 700, 701; People v Simpson, 151 AD3d 762, 763). Specifically, the evidence was legally sufficient to prove the defendant's intent to cause serious physical injury (see Penal Law § 125.20[1]) and to disprove justification (see Penal Law § 35.15). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during cross-examination of the defendant and during the People's summation is largely unpreserved for appellate review since the defendant failed to object to the majority of the remarks at issue (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Anderson, 197 AD3d 713). In any event, most of the challenged remarks were proper because they were within the broad bounds of rhetorical comment permissible in closing arguments, constituted a fair response to arguments made by defense counsel in summation, or constituted fair comment [*2]on the evidence (see People v Anderson, 197 AD3d 713). To the extent that certain remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Rodriguez, 199 AD3d 838; People v Almonte, 23 AD3d 392, 394). Furthermore, defense counsel's failure to object to those remarks did not constitute ineffective assistance of counsel.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court