People v Reneau (2022 NY Slip Op 05547)

People v Reneau

2022 NY Slip Op 05547

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2017-05615
 (Ind. No. 4773/15)

[*1]The People of the State of New York, respondent,
v
Kyle Reneau, appellant.

Patricia Pazner, New York, NY (Brandon Kronstat of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy M. Appelbaum, and Jason Eldridge of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered April 24, 2017, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 23 years, to be followed by a period of postrelease supervision of 5 years, on the conviction of manslaughter in the first degree, and a determinate term of imprisonment of 15 years, to be followed by a period of postrelease supervision of 5 years, on the conviction of criminal possession of a weapon in the second degree, with the sentences to run concurrently.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of manslaughter in the first degree from a determinate term of imprisonment of 23 years, to be followed by a period of postrelease supervision of 5 years, to a determinate term of imprisonment of 17 years, to be followed by a period of postrelease supervision of 5 years; as so modified, the judgment is affirmed.
The defendant's contention that the People did not disprove his justification defense is not preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (see People v Akbar, 169 AD3d 708; People v Flores, 165 AD3d 695; People v Simpson, 151 AD3d 762). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial by certain statements made by the prosecutor during her summation is not preserved for appellate review because he failed to object to the prosecutor's statements (see CPL 470.05[2]; People v Morris, 2 AD3d 652; People v McHarris, 297 AD2d 824). In any event, while some of the comments would have been better left [*2]unsaid, the defendant was not deprived of a fair trial thereby, and any error in this regard was harmless in light of the overwhelming evidence of the defendant's guilt and the fact that there was no significant probability that the comments might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Holiday, 207 AD3d 658, 659; People v Totesau, 112 AD3d 977, 978).
The defendant's contention that the Supreme Court committed reversible error in permitting the jurors to take notes during a requested readback of a portion of the jury charge without providing a cautionary instruction is unpreserved for appellate review because the defendant neither objected to the court giving the jurors permission to take notes during the requested readback nor requested that the court give a cautionary instruction (see CPL 470.05[2]; People v Wellington, 84 AD3d 984, 985; People v Harris, 72 AD3d 1110; People v Hudson, 54 AD3d 774; People v Ramos, 306 AD2d 295). Since there is no indication in the record that any jurors actually took notes, we decline to reach the issue in the exercise of our interest of justice jurisdiction (see People v Wellington, 84 AD3d at 985; People v Elias, 163 AD2d 230).
The sentence imposed on the conviction of manslaughter in the first degree was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court