People v Sanford (2022 NY Slip Op 06882)

People v Sanford

2022 NY Slip Op 06882

Decided on December 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 06, 2022

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Kennedy, Shulman, JJ. 

Ind. No. 218/15 Appeal No. 16816 Case No. 2017-3044 

[*1]The People of the State of New York, Respondent,
v
James Sanford, Defendant-Appellant.

Janet E. Sabel, The Legal Aid Society, New York (Jonathan Garelick of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (R. Jeannie Campbell-Urban of counsel), for respondent.

Judgment, Supreme Court, New York County (Ellen N. Biben, J. at hearing; Thomas Farber, J. at jury trial and sentencing), rendered April 4, 2017, convicting defendant of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of seven years, unanimously affirmed.
The hearing court properly denied defendant's suppression motion. The evidence established that defendant's arrest was supported by probable cause. Based on information from the victim and multiple surveillance videos, the investigating detective created a wanted flyer with a detailed description and images from the videos. Another detective who had been briefed on the case reviewed the flyer and responded to a report that the suspect was present near the location of the attack. When he arrived, that detective recognized defendant as the person depicted on the flyer and lawfully arrested him. Defendant argues that the description was insufficiently detailed and accurate to provide probable cause to believe defendant was the suspect. However, the arresting detective specifically testified that he recognized defendant from the photo on the flyer (see e.g. People v Butler, 190 AD3d 464, 464-465 [1st Dept 2021], lv denied 36 NY3d 1095 [2021]).
The arresting detective properly searched defendant pursuant to this lawful arrest, particularly in light of defendant's statement that he had a knife in his coat, which thus was in his grabbable area and posed a potential danger to the officer (see People v Jimenez, 22 NY3d 717, 721-22 [2014]). The court credited the detective's testimony that he felt and located the knife but he was unable to safely remove it at the time of arrest because it was in the coat's lining. The detective seized the coat before transporting defendant to the precinct, so the subsequent extraction of the knife at the precinct did not constitute a separate warrantless search and seizure (see People v Cole, 151 AD3d 662, 663 [1st Dept 2017], lv denied 29 NY3d 1125 [2017]). Instead, it was merely an extension of a lawful search already made at the time of the arrest, and was not an additional intrusion.
Defendant's excessive sentence claim is moot because he has completed his entire sentence, including postrelease supervision.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 6, 2022