People v Hernandez (2023 NY Slip Op 01751)

People v Hernandez

2023 NY Slip Op 01751

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Friedman, Rodriguez, JJ. 

Ind. No. 4749/15 Appeal No. 17617 Case No. 2018-4748 

[*1]The People of the State of New York, Respondent,
v
David Hernandez, Defendant-Appellant.

David Hernandez, appellant pro se.
Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura A. Ward, J. at suppression hearing; Robert M. Stolz, J. at jury trial and sentencing), rendered July 3, 2018, convicting defendant of robbery in the first and second degrees, attempted assault in the second degree, criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of 13 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. The victim's account of being robbed was generally corroborated by other evidence, and we find unpersuasive defendant's challenges to certain police testimony and the testimony of hotel employees who subdued defendant. Evidence appropriately credited by the jury established the elements of each of the charges. We have also considered and rejected defendant's legal sufficiency argument regarding the attempted assault conviction.
Defendant's ineffective assistance of counsel claims, alleging deficiencies in cross-examination, are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). In the absence of a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown a reasonable probability that additional cross-examination of certain police witnesses as suggested by defendant on appeal would have affected the verdict.
The hearing court properly denied defendant's motion to suppress the drugs found in defendant's backpack at the police station. An officer's testimony about the relevant police procedures was sufficient to establish the validity of the search (see People v Padilla, 21 NY3d 268 [2013], cert denied 571 US 889 [2013]), "especially when viewed in the particular context of the long-recognized reasonableness of stationhouse inspections of arrestees' personal effects" (People v Goode, 176 AD3d 629, 630 [1st Dept 2019], lv denied 34 NY3d 1159 [2020]; see also People v Cole, 151 AD3d 662, 663 [1st Dept 2017], lv denied 29 NY3d 1125 [2017]).
We have considered defendant's pro se arguments and find them unavailing.
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023