People v Weng (2023 NY Slip Op 02134)

People v Weng

2023 NY Slip Op 02134

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2017-01857
 (Ind. No. 1766/14)

[*1]The People of the State of New York, respondent,
v
Yayun Weng, appellant.

Patricia Pazner, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ruth E. Ross of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Riviezzo, J.), rendered November 1, 2016, convicting her of assault in the first degree, assault in the second degree (two counts), reckless assault of a child, assault in the third degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the convictions of assault in the second degree under count two of the indictment (Penal Law § 120.05[2]), criminal possession of a weapon in the fourth degree, and assault in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
The defendant was charged with, inter alia, assault in the first degree (depraved indifference), two counts of assault in the second degree, endangering the welfare of a child, and criminal possession of a weapon in the fourth degree in connection with injuries inflicted upon her two-year-old son. At the nonjury trial, the People's evidence established, among other things, that the child was violently shaken on separate occasions, resulting in the child sustaining three separate subdural hematomas. With respect to the most recent brain injury, the evidence showed that the defendant shook the child so violently as to leave the child in a minimally conscious state, and that the defendant delayed getting medical treatment for the child after the onset of symptoms. The child had also sustained numerous other injuries while the defendant was the child's sole caregiver, including approximately 50 bruises of different ages throughout his body and scarring from what a physician who treated the child described as a "huge bite with high pressure." The defendant admitted, inter alia, that she sometimes hit the child with her hand, that she pinched and twisted the child's skin, which resulted in bruising, and that she bit the child. Following the trial, the defendant was convicted of assault in the first degree, two counts of assault in the second degree, reckless assault of a child, assault in the third degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child.
The defendant's contention that the evidence was legally insufficient to support her conviction of assault in the first degree is unpreserved for appellate review (see CPL 470.05[2]; [*2]People v Hawkins, 11 NY3d 484, 491-492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to prove beyond a reasonable doubt the defendant's guilt of assault in the first degree (depraved indifference) (Penal Law § 120.10[3]; see People v Hall, 182 AD3d 1023; see also People v Barboni, 21 NY3d 393). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant further contends that the evidence was legally insufficient to support her convictions of assault in the second degree pursuant to Penal Law § 120.05(2) under count two of the indictment and criminal possession of a weapon in the fourth degree based on the People's theory that a bamboo stick the defendant used to discipline the child was a dangerous instrument. Although the defendant's contention is unpreserved for appellate review (see CPL 470.05[2]), we reach the issue in the exercise our interest of justice jurisdiction (see id. § 470.15[6][a]). A "dangerous instrument" is defined as "any instrument . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00[13]). "Serious physical injury" is defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00[10]). Here, viewing the evidence in the light most favorable to the prosecution, it was legally insufficient to establish that the bamboo stick, which was not produced at trial, "was readily capable of killing or maiming [the child], or of causing any of the other severe harms described in Penal Law § 10.00(10)" (People v Hall, 18 NY3d 122, 128-129; see People v Siler, 76 AD2d 938, 938; People v Castaldo, 72 AD2d 568, 568).
Further, the defendant's conviction of assault in the third degree pursuant to Penal Law § 120.00(1) must be vacated, and that count of the indictment dismissed, as an inclusory concurrent count of assault in the second degree pursuant to Penal Law § 120.05(9) (see CPL 300.40[3][b]; People v Taylor, 185 AD3d 724, 725).
The defendant's contention that she was deprived of a fair trial by certain remarks made by the prosecutor during the People's summation is largely unpreserved for appellate review since the defendant failed to object to the majority of the remarks at issue (see CPL 470.05[2]; People v Morales, 201 AD3d 819). In any event, most of the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, or constituted fair comment on the evidence (see People v Anderson, 197 AD3d 713). To the extent that certain remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Morales, 201 AD3d at 820; People v Rodriguez, 199 AD3d 838).
The defendant's contention that she was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Savransky, 206 AD3d 764, 765). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Molina, 188 AD3d 920, 923; People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed on the conviction of assault in the first degree was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court