People v Espinal-Ramos (2024 NY Slip Op 01195)

People v Espinal-Ramos

2024 NY Slip Op 01195

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2020-00944
 (Ind. No. 1220/19)

[*1]The People of the State of New York, respondent,
v
Elisaldo Espinal-Ramos, appellant.

Patricia Pazner, New York, NY (Mark. W. Vorkink and Tina Peng of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulink, J.), rendered December 12, 2019, convicting him of assault in the first degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after jury trial, of assault in the first degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree arising out of an altercation in which the defendant struck the victim with an approximately two-foot-long "blade," which caused the victim's right index finger to be almost severed.
The defendant's contention that the People failed to disprove his justification defense (see Penal Law § 35.15) is unpreserved for appellate review since the defendant made only a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (see CPL 470.05[2]; People v Morales, 201 AD3d 819, 819; People v Bazile, 199 AD3d 823, 823). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (see Penal Law § 35.15; People v Reneau, 209 AD3d 677, 677; People v Morales, 201 AD3d at 819). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial due to the Supreme Court's admission of testimony that the defendant resisted arrest pursuant to People v Molineux (168 NY 264) is without merit. "Evidence of [prior] uncharged crimes . . . may be admissible . . . where [*2]it is relevant to a material issue in the case such as intent, motive, knowledge, absence of mistake, common scheme or plan, or identity, or if it provides necessary background information" (People v Delacruz, 207 AD3d 652, 653-654 [citations, alterations, and internal quotation marks omitted]; see People v Morris, 21 NY3d 588, 594). "If the evidence has substantial probative value and is directly relevant to the purpose—other than to show criminal propensity—for which it is offered, the probative value of the evidence outweighs the danger of prejudice and the court may admit the evidence" (People v Blackwell, 219 AD3d 619, 621 [internal quotation marks omitted]; see People v Cass, 18 NY3d 553, 560). Here, the challenged testimony provided necessary background information on the defendant's response to the police immediately prior to being taken into custody, as a precursor to his later voluntary interactions with the police (see People v Delacruz, 207 AD3d at 654; People v Davidson, 144 AD3d 938, 939).
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court