People v Cox (2024 NY Slip Op 01557)

People v Cox

2024 NY Slip Op 01557

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-09678
 (Ind. No. 8451/03)

[*1]The People of the State of New York, respondent,
v
Jermaine Cox, appellant.

Justin C. Bonus, Forest Hills, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Matthew J. D'Emic, J.), dated December 4, 2020, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered June 16, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant was convicted, after a jury trial, of murder in the second degree, based upon a fatal stabbing. At trial, one of the People's witnesses testified that she was shown a photograph of the defendant prior to viewing a lineup from which she had identified the defendant. Upon the defendant's motion, the Supreme Court reopened the pretrial hearing to suppress the witness's identification testimony. At the reopened hearing, four police detectives, who interacted with the witness prior to or during the lineup procedure, testified that the witness had not been shown the defendant's photograph prior to the lineup, and the witness testified that she was unsure whether the photograph had been shown to her before or after she viewed the lineup.
The Supreme Court determined that the witness had been mistaken during her original trial testimony and that her identification testimony remained admissible at trial. This Court affirmed the defendant's conviction on appeal, concluding, among other things, that the Supreme Court's determination that the witness was not shown a photograph of the defendant prior to the lineup was supported by the record (see People v Cox, 54 AD3d 684).
The defendant subsequently moved pursuant to CPL 440.10 to vacate his judgment of conviction, contending, inter alia, that the prosecutor committed Brady violations (see Brady v Maryland, 373 US 83), by allegedly failing to disclose, among other things, certain DD-5 reports and notes from an investigating police officer and that his trial counsel was ineffective for failing to use this evidence to the extent it was disclosed. The Supreme Court denied the motion without a hearing.
The Supreme Court properly determined, based upon the parties' submissions, that the defendant failed to establish a Brady violation. "To make out a successful Brady claim, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) [*2]prejudice arose because the suppressed evidence was material" (People v McGhee, 36 NY3d 1063, 1064-1065 [internal quotation marks omitted]). Where a defendant makes a specific request for undisclosed evidence, materiality is established if there exists a reasonable possibility that it would have changed the result of the proceedings (see id. at 1065; People v Fuentes, 12 NY3d 259, 263).
Here, contrary to the defendant's contention, the information in the subject DD-5 reports and police notes failed to support the witness's original trial testimony that she was shown a photograph of the defendant prior to viewing the lineup. Moreover, there was considerable other evidence linking the defendant to the crime, including identification testimony from another eyewitness. As to further information in the DD-5 reports, that a third witness had been shown a photo array containing the defendant's photograph and failed to identify him, any failure to disclose the reports was similarly not prejudicial, as these facts regarding the photo array were elicited from that witness on cross-examination at trial. Therefore, to the extent that the DD-5 reports and police notes were not disclosed, the Supreme Court properly determined, based upon the parties' submissions, that there was no reasonable possibility that disclosure of those documents would have altered the outcome of the case (see People v McGhee, 36 NY3d at 1065; People v Fuentes, 12 NY3d at 263-264).
Contrary to the defendant's contentions, the Supreme Court properly determined, based upon the parties' submissions, that the defendant was not deprived of the effective assistance of counsel (see People v Redmon, 184 AD3d 775, 776; People v Burgos, 165 AD3d 834).
The defendant's remaining contentions are without merit.
Accordingly, the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction was properly denied without a hearing.
IANNACCI, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court