People v Vassell (2025 NY Slip Op 01650)

People v Vassell

2025 NY Slip Op 01650

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2015-03817
 (Ind. No. 9998/12)

[*1]The People of the State of New York, respondent,
v
Ray Vassell, appellant.

Patricia Pazner, New York, NY (Erica Horwitz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and David E. Mehl of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Riviezzo, J.), rendered April 17, 2015, convicting him of criminal sexual act in the first degree (6 counts), sexual abuse in the first degree (16 counts), incest in the first degree (6 counts), endangering the welfare of a child (2 counts), tampering with a witness in the fourth degree, and criminal contempt in the second degree, upon a jury verdict, and sentencing him, as a second felony offender, inter alia, to determinate terms of imprisonment of 15 years, to be followed by 20 years of postrelease supervision on the convictions on counts 1, 2, 4, 5, 7, 8, 10, 11, 13, 14, 16, and 17, with the sentences imposed on counts 1, 2, 4, and 5 to run concurrently with each other; the sentences imposed on counts 7 and 8 to run concurrently with each other but consecutively to the sentences imposed on counts 1, 2, 4, and 5; the sentences imposed on counts 10 and 11 to run concurrently with each other but consecutively to the sentences imposed on counts 1, 2, 4, 5, 7, and 8; the sentences imposed on counts 13 and 14 to run concurrently with each other but consecutively to the sentences imposed on counts 1, 2, 4, 5, 7, 8, 10, and 11; and the sentences imposed on counts 16 and 17 to run concurrently with each other but consecutively to the sentences imposed on counts 1, 2, 4, 5, 7, 8, 10, 11, 13, and 14.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed on counts 1, 2, 4, 5, 7, 8, 10, 11, 13, 14, 16, and 17 from determinate terms of imprisonment of 15 years, to be followed by 20 years of postrelease supervision to determinate terms of imprisonment of 8 years, to be followed by 20 years of postrelease supervision; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 636).
The defendant's contention that he was deprived of a fair trial by virtue of certain remarks made by the prosecutor during the People's summation is largely unpreserved for appellate review, since the defendant failed to object to a majority of the remarks at issue (see CPL 470.05[2]; People v Morales, 201 AD3d 819). In any event, most of the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments or constituted fair comment on the evidence (see People v Anderson, 197 AD3d 713). To the extent that certain remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Morales, 201 AD3d at 820; People v Rodriguez, 199 AD3d 838).
The sentence imposed was excessive to the extent indicated herein.
The defendant's remaining contentions are without merit.
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court