People v Haigh (2025 NY Slip Op 06076)

People v Haigh

2025 NY Slip Op 06076

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2019-06947
 (Ind. No. 2881/17)

[*1]The People of the State of New York, respondent,
v
David Haigh, appellant.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Claibourne Henry of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered January 10, 2019, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to disprove his justification defense is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621; People v Bowen, 196 AD3d 501, 502), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (see People v Reneau, 209 AD3d 677, 677; People v Akbar, 169 AD3d 708, 709). Accordingly, the conviction of manslaughter in the first degree was supported by legally sufficient evidence (see People v Morales, 201 AD3d 819, 819).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Bleakley, 69 NY2d 490, 495), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Ford, 233 AD3d 891, 893; People v Ruiz, 228 AD3d 785, 785). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt was not against the weight of the evidence (see People v Reneau, 209 AD3d at 678; People v Akbar, 169 AD3d at 709).
Contrary to the defendant's contention, while "'a single error may constitute ineffective assistance if the error is sufficiently egregious and prejudicial as to compromise the defendant's right to a fair trial'" (People v Mohan, 215 AD3d 766, 767, quoting People v Caban, 5 NY3d 143, 152 [alterations omitted]; see People v Tirado, 221 AD3d 834, 834-835), defense counsel's error in opening the door to the admission of the defendant's medical records did not deprive him of the effective assistance of counsel under the New York Constitution. Viewing defense counsel's performance in totality, counsel provided meaningful representation (see People v Russell, 216 AD3d 1111, 1112; People v Tiger, 207 AD3d 574, 574). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see [*2]Strickland v Washington, 466 US 668, 694).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court